UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HAROLD LUEBBERS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Respondents. | No. 2: 15-cv-2348 MCE KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, petitioner is granted twenty-one days from the date of this order to file a motion to stay this action pending exhaustion of state court remedies.

On January 14, 2016, respondent filed a motion to dismiss on grounds that not all claims were exhausted and that the petition was barred by the statute of limitations. (ECF No. 7.) On March 24, 2016, petitioner filed an opposition. (ECF No. 13.) In the opposition, petitioner argued that the petition was timely, but conceded that three of his claims were not exhausted. Petitioner requested that this action be stayed, pursuant to the procedures set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), pending exhaustion of these unexhausted claims.

1

On March 30, 2016, respondent withdrew the motion to dismiss and filed a statement of non-opposition to petitioner's request for a stay. (ECF No. 14.) Respondent concedes that the petition is timely. If this action is stayed, respondent requests that petitioner be directed to presented his unexhausted claims to the state court within thirty days of the issuance of the stay and to notify the court within thirty days once the claims are exhausted by filing a motion to lift the stay.

Petitioner's request for a stay should be made in a properly noticed motion. Accordingly, petitioner is granted twenty-one days from the date of this order to file a motion to stay. Failure to file this motion will result in a recommendation of dismissal of this action on grounds that not all claims are exhausted. Petitioner is not required to await resolution of a motion to stay before returning to state court to properly exhaust his state court remedies.

If petitioner files a motion to stay, he shall address whether his request is made pursuant to the procedures set forth in Rhines or Kelly, as discussed herein.

A district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

In 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78....The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278...).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary

> circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014).

"An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84.

A second procedure for staying habeas petitions pending exhaustion of unexhausted claims, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

If petitioner moves for a stay pursuant to Rhines, he shall address the issue of good cause for his failure to exhaust his unexhausted claims prior to filing the instant petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 28, 2016 hearing before the undersigned regarding respondent's withdrawn motion to dismiss is vacated;

////

    2.  Petitioner is granted twenty-one days to file a motion to stay this action; failure to file a motion to stay will result in a recommendation of dismissal of this action.

Dated: April 11, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lue2348.vac