UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HAROLD LUEBBERS,<br><br>            Petitioner,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Respondents. | No.  2:15-cv-2348 MCE KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2012 conviction for first degree murder.  Petitioner is serving a sentence of 50 years to life.

    Pending before the court is petitioner's motion to stay this action pending exhaustion of unexhausted claims.  (ECF No. 16.)  Respondent has filed a statement of non-opposition to this motion.  (ECF No. 17.)  For the reasons stated herein, the undersigned recommends that petitioner's motion to stay be granted.

II. Discussion

    A.  Petitioner's Claims

    This action proceeds on the original petition filed November 12, 2015.  (ECF No. 2.) Petitioner raises five ineffective assistance of counsel claims:  1) counsel failed to call court

appointed psychiatrist, Dr. Schaffer, who had concluded that petitioner killed the victim as a result of impulsive and emotional behavior rather than premeditation; 2) counsel failed to call Detective Strasser, who prepared a report stating that shortly after petitioner surrendered, he did not seem to realize that the shots taken at the victim were fatal; 3) counsel wrongly advised petitioner not to testify; 4) counsel failed to request a voluntary manslaughter instruction; and 5) counsel wrongly conceded in closing argument that petitioner intended to kill and acted with malice aforethought.

Petitioner states that his first three claims are not exhausted, i.e., 1) counsel failed to call Dr. Schaffer; 2) counsel failed to call Detective Strasser; and 3) counsel wrongly advised petitioner not to testify. Petitioner states that he is seeking a stay pending exhaustion of these claims pursuant to the procedures outlined in Rhines v. Weber, 544 U.S. 269 (2005).

B.  Rhines v. Weber

A district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

In 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78....The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278...).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish

2

> good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014).

"An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84.

    C.  Analysis

*Good Cause*

Petitioner argues that he has good cause for not previously exhausting his unexhausted claims. The background to this argument follows herein.

As noted above, petitioner filed his federal petition on November 12, 2015. Both parties agree that the statute of limitations expired on November 12, 2015. In his declaration filed in support of the motion to stay, petitioner's habeas counsel describes how he discovered the reports by Dr. Schaffer and Detective Strasser shortly before the statute of limitations expired. (ECF No. 16-3.)

Habeas counsel states that he was retained by petitioner on July 30, 2015, to represent petitioner in the instant action. (Id. at 2.) On August 7, 2015, habeas counsel requested petitioner's file from the El Dorado County Public Defender's Office. (Id.) On October 30, 2015, habeas counsel received the file from the El Dorado County Public Defender's Office. (Id.) After reviewing the file, habeas counsel discovered the reports by Dr. Schaffer and Detective Strasser. (Id. at 2-3.) After reviewing these documents, habeas counsel decided to change the focus of petitioner's federal habeas petition to include the "important facts" that these documents tended to show, i.e., that the killing committed by petitioner was not premeditated but instead

happened in the heat of passion and was thus either second degree murder or voluntary manslaughter. (Id. at 3.)

In his declaration submitted in support of the motion to stay, petitioner states that he had never seen the reports by Detective Strasser and Dr. Schaffer until his habeas counsel told him of their existence in early November 2015. (ECF No. 16-2.)

Petitioner's unexhausted claims are based on documents discovered by petitioner's habeas counsel shortly before the statute of limitations expired. Petitioner filed his federal habeas petition on the day the statute of limitations expired. Accordingly, the undersigned finds that petitioner has shown good cause for not exhausting his unexhausted claims prior to filing the instant petition.

*Potential Merit*

After reviewing the record, the undersigned finds that petitioner's unexhausted claims are potentially meritorious, which is sufficient for a stay pursuant to Rhines.

*Petitioner's Diligence*

There is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In his declaration, petitioner states that he was not aware of the reports by Detective Strasser and Dr. Schaffer until they were discovered by habeas counsel just prior to the expiration of the statute of limitations.

Conclusion

For the reasons discussed above, the undersigned finds that petitioner has demonstrated that a stay of this action is warranted pursuant to Rhines v. Weber.[1] Accordingly, petitioner's motion to stay this action pending exhaustion of his unexhausted claims should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 16) be granted; and this action be administratively stayed pending petitioner's exhaustion of his unexhausted claims.

////

---

[1] On June 7, 2016, petitioner filed a notice indicating that the El Dorado County Superior Court has ruled on his state habeas petition raising his unexhausted claims. (ECF No. 18.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 13, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lue2348.sta